UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-10002-KING/SNOW

UNITED STATES OF AMERICA,

vs.

RICHARD LOUIS FERNANDEZ III,
a/k/a "Gitt,"

     Defendant.
_____/

## ORDER GRANTING MOTION TO REVOKE BOND

THIS CAUSE is before the Court on the Government's Motion to Stay Bond Pending Review of the Government's Motion to Revoke Bond.

On January 21, 2021, the Defendant was charged by Indictment with five crimes: Title 21, United States Code, Section 846, conspiracy to manufacture and distribute a controlled substance; Title 21, United States Code, Section 856, maintaining a drug involved premise(s); Title 21, United States Code, Section 841(a)(1), possession with intent to distribute a controlled substance; Title 18, United States Code, Section 924(c), possession of a firearm in furtherance of a drug trafficking crime; and Title 18, United States Code, Section 922(g)(1), possession of a firearm and ammunition by a convicted felon. The Defendant was arrested in the Central District of California on March 11, 2021.

The Government sought pretrial detention in the Central District of California. That request was denied, and the Defendant was ordered released on a $75,000 bond co-

signed by three family members and a friend. The Government has appealed the California court's bond, asking this Court to order the Defendant detained pending the trial of this matter. The Defendant has responded requesting that the bond be affirmed, and the Government has filed a reply in support of its position that the Defendant should be detained. The Defendant has also filed additional collateral motions, which will be addressed herein.

On April 20, 2021, this Court referred the matter to Magistrate Judge Jacqueline Becerra for issuance of a Report and Recommendation. Magistrate Judge Becerra issued a Report and Recommendation recommending that this Court deny the Government's Motion to Revoke and order the Defendant released on a more stringent bond than that issued in California.

This matter is now ripe for the Court's decision.

Title 18 U.S.C. § 3145(a)(1) provides that, "[i]f a person is ordered released by a magistrate judge," "the attorney for the Government may file, with the court having original jurisdiction of the offense, a motion for revocation of the order or amendment of the conditions of release." The District Court judges review the United States' detention request *de novo*. *United States v. Hurtado*, 779 F.2d 1467, 1471-1472 (11th Cir. 1985); *United States v. Rivera*, 90 F. Supp. 2d 1338, 1339-1340 (S.D. Fla. 2000). Furthermore, this Court reviews objected-to portions of a Magistrate Judge's Report and Recommendation *de novo*. *See United States v. St. Fleur*, No. 17-CR-20052, 2017 WL

11518142, at *1 (S.D. Fla. Dec. 28, 2017), *aff'd sub nom. United States v. Fleur*, 762 F. App'x 691 (11th Cir. 2019).

The pretrial detention analysis depends on whether there is any conditions of release that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). The Court is required to apply a presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . [or] an offense under [18 U.S.C.] section 924(c)." *Id*. § 3142(e)(3)(A) & (B).

The Court has carefully reviewed the indictment in this case, the parties' filings, and the California court documents. It is not disputed that the Defendant is charged by Indictment with two offenses that carry a presumption in favor of pretrial detention. Count 2 charges the Defendant with maintaining a drug-involved premises in violation of 21 U.S.C. § 856, an offense under the controlled substances act with a maximum punishment of twenty years in prison. And Count 4 charges the Defendant with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The Grand Jury has already found probable cause to believe the Defendant committed these crimes. Accordingly, the Court must employ a rebuttable presumption

3

that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(1).

The Court next considers whether the Defendant has proffered any facts that, if true, would rebut this presumption in favor of pretrial detention. The Court finds the proffer by the Defendant concerning his ties to the Keys and his employment, considered in the light most favorable to the defendant, do not rebut the presumption in favor of detention considering the nature of the offenses charged. Indeed, while he contests the inferences to be drawn from the circumstances of the arrest, the Defendant concedes that he is the person named in the Indictment and that he was arrested in a marijuana grow house in the Central District of California, on the opposite side of the country from his residence in the Keys. Accordingly, the Court finds that the presumption in favor of pretrial detention has not been rebutted, and the Defendant must be ordered detained pending the trial of this matter.

For these reasons, it is hereby ORDERED AND ADJUDGED that the Motion to Revoke Bond is GRANTED. The Bond entered in the Central District of California is hereby REVOKED. The Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent possible, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the

United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS FURTHER ORDERED that the U.S. Attorney's Office for the Southern District of Florida shall prepare and submit the writs or other documents effectuating such procedures as are necessary for the United States Marshal's Office to arrange for the transfer of the Defendant to the custody of the United States Marshal for the Southern District of Florida.

Additionally, the Defendant's Motion to Stay Determination of Government's Motion for Revocation (DE15) is DENIED as MOOT, and the Defendant's Motion for Immediate Release (DE22) is DENIED for the reasons stated above.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 30th day of April, 2021.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Jacqueline Becerra
All Counsel of Record